OPINION
{¶ 1} On December 6, 2005, appellee, the Tuscarawas County Job and Family Services, immediately removed Lakota Craig, born December 5, 2004, from the custody of his parents pursuant to an ex parte order. Mother of the child is Rayann Craig; father is appellant, Allan Craig. At the time of the child's birth, Ms. Craig and appellant had had their parental rights to two other children terminated, the siblings of the child herein (Case No. 04JN00503).
 {¶ 2} On December 7, 2004, appellee filed a complaint for the permanent custody of the child pursuant to R.C. 2151.04(D)(2). Appellee alleged the child to be dependent.
 {¶ 3} On February 3, 2006, both the adjudicatory and dispositional hearings were held. At the conclusion of the adjudicatory hearing, the trial court found the child to be dependent. Appellee made a motion requesting that reasonable efforts to unify the family need not be expended because of the prior permanent custody case. The trial court agreed and moved to disposition. By judgment entry filed February 21, 2006, the trial court granted permanent custody of the child to appellee.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE APPELLANT WAS DENIED THE DUE PROCESS OF LAW WHEN THE TRIAL COURT CONSIDERED A PAST PERMANENT CUSTODY DECISION BASED UPON ALLEGATIONS OF SEXUAL ABUSE WHICH WERE NOT BROUGHT UP AT THE INITIAL ADJUDICATION AND FOR WHICH NO ADJUDICATORY HEARING WAS HELD."
 II {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION AND RULED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN FINDING LAKOTA DEPENDENT AND THAT IT WAS IN LAKOTA'S BEST INTERESTS TO BE PLACED IN THE PERMANENT CUSTODY OF THE APPELLEE."
 I {¶ 7} Appellant claims the trial court erred in considering a prior permanent custody decision based upon an erroneous claim of sexual abuse. We disagree.
 {¶ 8} The decision upon which the trial court ruled in considering the provisions of R.C. 2151.04(D) was the subject of a direct appeal and was affirmed by this court and as such, is not subject to a collateral attack and is res judicata. See, Inre Craig, Tuscarawas App. Nos. 2005AP110076, 2005AP110079, 2005AP110083, 2006-Ohio-2027. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp., 73 Ohio St.3d 379,1995-Ohio-331, syllabus.
 {¶ 9} We therefore conclude the arguments under this assignment of error are without merit.
 {¶ 10} Assignment of Error I is denied.
 II {¶ 11} Appellant claims the trial court erred in finding the child to be dependent and permanent custody to appellee was in the best interest of the child. We disagree.
 {¶ 12} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 13} As previously noted, the basis for permanent custody was R.C. 2151.04(D) which states the following:
 {¶ 14} "As used in this chapter, `dependent child' means any child:
 {¶ 15} "(D) To whom both of the following apply:
 {¶ 16} "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 {¶ 17} "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 18} The adjudication of dependency of appellant's two other children was introduced as State's Exhibit A with no objection. T. at 3. Elizabeth Wanosik, the caseworker in the prior case, testified the child sub judice was removed at birth because of the likelihood that the child would be neglected and/or dependent based on the agency's previous involvement with appellant. T. at 8-9. Appellant did not complete the previous case plan, refused to allow Ms. Wanosik to talk to most of the service providers and refused to speak with Ms. Wanosik. T. at 7, 10, 19, 21. Ms. Wanosik opined a new case plan and a re-offer of services would not be beneficial or successful. T. at 55. Three times appellant was signed up for parenting classes, but never showed up or canceled them. T. at 46, 73-74. There remains on-going mental health concerns, although appellant has made a recent attempt at counseling. T. at 57; Father Exhibit 1.
 {¶ 19} Based upon the prior case and disposition, the trial court found R.C. 2151.419(A)(2)(e) alleviated appellee from expending more reasonable efforts to unify the family:
 {¶ 20} "(2) If any of the following apply, the court shall make a determination that the agency is not required to make reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the child's home, and return the child to the child's home:
 {¶ 21} "(e) The parent from whom the child was removed has had parental rights involuntarily terminated pursuant to section2151.353, 2151.414, or 2151.415 of the Revised Code with respect to a sibling of the child."
 {¶ 22} In its judgment entry of February 21, 2006, the trial court found the best interest of the child would be served by an award of permanent custody to appellee based on R.C.2151.414(D)(1)-(5), and (E)(11) which state as follows, respectively:
 {¶ 23} "(D) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 24} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 25} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 26} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 27} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 28} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
 {¶ 29} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 30} "(11) The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or2151.415 of the Revised Code with respect to a sibling of the child."
 {¶ 31} We concur with the trial court's decision because of appellant's lack of cooperation with the prior case plan and the lack of an available placement with relatives given the maternal grandparents' refusal to acknowledge the seriousness of the problems in the family. T. at 60-61. As for the custodial history of the child, the child has never been with nor bonded to the parents and is in a home placement with his siblings and available for adoption. T. at 44-45.
 {¶ 32} We are also convinced of the appropriateness of the trial court's decision based upon the October 13, 2004 findings in the prior case, Case No. 04JN00503:
 {¶ 33} "The Craigs have clearly not benefited from the past services and information provided to them. They continue to display extreme impatience and administer severe and inappropriate discipline toward the children. The testimony of numerous witnesses demonstrates that Rayann and Allan Craig have no empathy for their children.
 {¶ 34} "* * *
 {¶ 35} "This is a family that has come to be known in the community for their rough, neglectful treatment of their children. Numerous employees and patrons at the library and a neighbor described the ongoing verbal turmoil between Rayann and Allan Craig and their inappropriate discipline and expectations for the children."
 {¶ 36} Upon review, we find the trial court did not err in granting permanent custody of the child to appellee.
 {¶ 37} Assignment of Error II is denied.
 {¶ 38} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is hereby affirmed.
By Farmer, J. Wise, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is affirmed.